UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

PROGRESSIVE HAWAII )
INSURANCE CORPORATION, )
)
    Plaintiff, )
)
vs. ) Docket No. _____
)
NAKIA DAVIS, XAVIER BINGHAM, )
RYAN WESTBROOK, ESTATE OF )
JUSTIN WALKER, JAMES A )
RUSSELL, ANGELIC HODGE, )
ALLSTATE INSURANCE COMPANY )
And GEICO INSURANCE COMPANY, )

    Defendants.

## COMPLAINT FOR DECLARATORY JUDGMENT

Comes now the Plaintiff, by and through counsel, and for its cause of action in the form of a Complaint for Declaratory Judgment pursuant to 28 U.S.C §§ 2201-2202 *et seq.*, and T.C.A. § 29-14-101 et seq., and states as follows:

1. Progressive Hawaii Insurance Corporation is a foreign corporation with its principal office located in the state of Ohio authorized to do business within the state of Tennessee through the Tennessee Commissioner of Commerce and Insurance.

2. That Defendant, Nakia Davis is a citizen and resident of Knox County, Tennessee.

3. That Defendant, Xavier Bingham is a citizen and resident of Knox County, Tennessee.

4. That Defendant, Ryan Westbrook is a citizen and resident of Davidson County, Tennessee.

5. That Defendant, Estate of Justin Walker is an estate opened in the Knox County Chancery Court as Justin Walker was a citizen and resident of Knox County, Tennessee at the time of his death on May 12, 2012.

6. James Russell is a citizen and resident of Knox County, Tennessee.

7. That Defendant, Angelic Hodge is a citizen and resident of Knox County, Tennessee.

8. That Allstate Insurance Company is a foreign corporation authorized to do business within the state of Tennessee.

9. That Geico Insurance Company is a foreign corporation authorized to do business within the state of Tennessee.

10. That on February 18, 2012, Progressive Hawaii Insurance Corporation issued a Tennessee Auto Insurance Policy to Defendant, Nakia Davis, 3732 Lilac Street, Knoxville, Tennessee 37914, under policy no.: 16788352, with a policy period of February 18, 2012 to August 18, 2012. The policy was issued insuring a 1995 Chevrolet Astro van bearing VIN #1GBDM19W4SB178492 with a liability coverage limit of $50,000 per person and $100,000 per accident. *(See attached Exhibit 1 – Declarations Page and Exhibit 2 – Tennessee Auto Policy)*

11. That in January or February, 2012, the 1995 Chevrolet Astro van became inoperable and in disrepair. Therefore, Nakia Davis entered into occasional rental agreements with Budget Car Rentals in Knoxville, Tennessee in order to temporarily and occasionally rent cars for personal use. However, Progressive was never notified that the covered auto, the 1995 Chevrolet Astro van was in disrepair and inoperable and was not notified of the rental car usage.

12. That on May 1, 2012, Nakia Davis entered into a rental agreement with Budget Car Rental for the rental of 2012 red Nissan Maxima. That Progressive was not notified of the rental agreement or the use of the 2012 red Nissan Maxima. *(See Exhibit 3 – Rental Agreement).*

13. That on May 12, 2012 at or about 10:41 p.m., an unknown driver was operating the 2012 red Nissan Maxima without the permission of defendant, Nakia Davis with defendants, Xavier Bingham, Justin Walker and Ryan Westbrook occupying the vehicle. While traveling north on Castle Street in Knoxville, Knox County, Tennessee, the 2012 red Nissan Maxima was involved in a collision with a vehicle being driven south on Castle Road and occupied by defendants, James Russell and Angeilic Hodge. The collision resulted in bodily injuries to the occupants of both vehicles and the death of Justin Walker.

14. That as a result of the collision, a personal injury action has been filed in the Knox County Circuit Court in the matter of James A. Russell and Angelic Hodge vs. Nakia Davis and Xavier Bingham, Knox County Circuit Court, Docket No. 2-452-12 *(See Exhibit 4 – Complaint).*

15. That following the collision, Progressive received notice concerning the collision and the bodily injury and wrongful death claims of the occupants of both vehicles under the terms and conditions of the liability coverage provisions and medical payments provisions of the Tennessee Auto Policy.

16. That under the terms and conditions of the Tennessee Auto Policy issued by Progressive to Nakia Davis, the unknown driver of the 2012 red Nissan Maxima was not an "insured person" and the vehicle was not a "covered auto".

17. That under the terms and conditions of the insuring agreement of the Tennessee Auto Policy, the following is provided:

> Part 1 – Liability to Others, "insured person" is defined as follows:
>
> "A. **You** or a **relative**, with respect to an accident arising out of the ownership, maintenance, or use of an **auto**."

That under the general definitions of the Policy, "**You**" is defined as the person shown on the declarations page. The only person listed on the declarations page is Nakia B. Davis. Nakia Davis was not the owner of the rental vehicle nor maintaining or using the rental vehicle at the time of the accident. That under the general definitions of the Policy, "**Relative**" is defined under the terms of the policy under the general definitions as "a person residing in the same household as you and related to you by blood, marriage, or adoption." That the occupants of the 2012 red Nissan Maxima were not residents of Nakia Davis' household.

That under the terms and conditions of the insuring agreement of the Tennessee Auto Policy, Part 1 – Liability to Others, "**insured person**" is also defined as follows:

> "B. Any person with respect to an accident arising out of that person's use of a **covered auto** with the permission of **you** or a **relative**."

That under the Policy general definitions, "covered auto" is defined as follows:

> (a) any auto shown on the Declarations page for the coverages applicable to that auto;
>
> (b) any additional auto;
>
> (c) any replacement auto."

That the 2012 red Nissan Maxima was not listed as a covered auto on the Declarations Page. That under the terms and conditions of the Tennessee Auto Policy an "**Additional Auto**" is defined as "an auto that you become the owner of during the policy period that does not

permanently replace an auto shown on the Declarations page." As set forth above, the 2012 Nissan Altima does not meet that definition as it was a rental vehicle. A **"Replacement Auto"** is defined as "an auto that permanently replaces an auto shown on the Declarations page." Therefore, the 2012 Nissan Altima does not meet the definition of a replacement auto.

That under the terms and conditions of the Tennessee Auto Policy, an **"Insured person"** is also defined as:

> "C. Any person or organization with respect only to vicarious liability for the acts or omissions of a person described in a or b above."

That since the unknown driver of the 2012 red Nissan Maxima does not meet the definition a person in "a" or "b", that definition would not apply.

18. That pursuant to the terms and conditions of the Tennessee Auto Policy A person seeking coverage must: (3) allow us to take signed and recorded statements, including sworn statements and examinations under oath, which we may conduct outside the presence of you or any other person seeking coverage and answer all reasonable questions we may ask as often as we may reasonably require. That defendant, Ryan Westbrook pursued a claim for medical payments coverage under the Tennessee Auto Policy. Thereafter, a request was made by Progressive for Ryan Westbrook to appear for an examination under oath. However, Ryan Westbrook refused to appear for an examination under oath. Therefore, he has failed to cooperate with Progressive in its claim and coverage investigation in violation of the terms and conditions of the Policy.

19. That at the time of the motor vehicle accident herein, defendant, Ryan Westbrook, was insured for uninsured motorist insurance coverage with Allstate Insurance Company and defendants, James Russell and Angeilic Hodge were insured for uninsured motorist insurance coverage with Government Employees Insurance Company

("GEICO"). Therefore, those companies respective interests are directly affected by the determination of the rights of the parties herein.

20. That under the terms and conditions of the Tennessee Auto Policy, Progressive owes no duty of defense or indemnity as a result of the motor vehicle collision of May 12, 2012.

**WHEREFORE**, the Plaintiff prays as follows:

a. That the Defendants, and each of them, be required to answer the Complaint for Declaratory Judgment according to law;

b. That upon a hearing of this matter a judgment be entered in favor of Progressive Hawaii Insurance Corporation declaring that no duty of indemnity, nor a duty to defend, exists in regard to the motor vehicle accident of May 12, 2012, and the civil actions referred to above;

c. That the costs of this cause be taxed against the Defendants;

d. That the Plaintiff be awarded such other, further, and general relief to which it may be entitled as a matter of law.

Respectfully submitted this \_\_\_1st.\_\_\_ day of \_\_\_Nov.\_\_\_, 2012.

TRAMMELL, ADKINS & WARD, P.C.

By _____
Terrill L. Adkins, BPR #013138
Attorney for Plaintiff
P.O. Box 51450
Knoxville, Tennessee 37950
865/330-2577