IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE, NORTHERN DIVISION

PROGRESSIVE HAWAII
INSURANCE CORPORATION,

    **Plaintiff,**

VS.                                         NO: **3:12-CV-00574**
                                                    **(VARLAN/GUYTON)**

**NAKIA DAVIS, ET. AL.,**                    **ORAL ARGUMENT REQUESTED**

    **Defendants.**

## MOTION TO DISMISS OR FOR ORDER COMPELLING DISCOVERY AND MOTION FOR EXTENSION OF TIME TO RESPOND TO MOTION FOR SUMMARY JUDGMENT

    Come the defendants, James A. Russell and Angelic Hodge, by and through counsel, who would respectfully move the court to dismiss the complaint filed against them; or, alternatively, for an order compelling discovery. In the event plaintiff's claim is not dismissed, the defendants move for an extension of time to respond to plaintiff's motion for summary judgment and for good cause would show:

    1. The plaintiff has wholly failed to comply with the provisions of Rule 26(a)(1) pertaining to initial disclosures, more than 14 days having elapsed since the parties Rule 26(f) conference;

    2. The defendants Russell and Hodge filed a Rule 34 request for the production of documents on March 27, 2013, specifically requesting certain statements in plaintiff's possession of Nakia Davis and Xavier C. Bingham, now deceased; (See Affidavit Exhibit 1 hereto attached).

    3. On May 3, 2013 defendant's counsel met with plaintiff's counsel for the purpose of conducting a Rule 26(f) conference, at which time plaintiff's counsel promised that he would forthwith deliver the Examinations Under Oath of Davis and Bingham, which statements counsel is advised were taken, under oath, on August 14, 2012;

4. On May 23, 2013, counsel for the defendant again requested the statements of Davis and Bingham via e-mail, which request was ignored by the plaintiff; (See Affidavit Exhibit 2 hereto attached).

5. On June 4, 2013 the plaintiff filed a motion for summary judgment which included *incomplete* statements taken under oath from Davis and Bingham which had been earlier requested by the defendants, had been promised to the defendants but never delivered;

6. The statements incorporated in the motion for summary judgment of the plaintiff, on its face, omits 17 pages of the Davis statement and 19 pages of the Bingham statement.

In support of this Motion and attached hereto, and relied upon is the Affidavit of Robert J English, Attorney for Defendants Russell and Hodge and Exhibit 1 and 2 thereto attached.

WHEREFORE, the defendants Russell and Hodge respectfully move the court to dismiss plaintiff's complaint upon the basis that it has wholly failed to comply with the provisions of Rule 26. Alternatively, that an order enter compelling discovery upon such terms and conditions as the court considers appropriate. In the event the complaint is not dismissed, the defendants move for an extension of time within which to respond to plaintiff's motion for summary judgment.

s\Robert J. English
Robert J. English BPR # 1038
Attorney for Defendants Russell
and Hodge,
706 S. Gay Street
Knoxville, TN 37902
(865) 546-6500
RJENGLISHLAW@AOL.COM

## CERTIFICATE OF SERVICE

I hereby certify that on June 7, 2013, a copy of the forgoing **MOTION TO DISMISS OR FOR ORDER COMPELLING DISCOVERY AND MOTION FOR EXTENSION OF TIME TO RESPOND TO MOTION FOR SUMMARY JUDGMENT** was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail as follows.

Keith Pope, Esquire
3226 Division Street
Knoxville, TN 37919

Gerald Gully, Esquire
Gully Oldham
P.O. Box 158
Knoxville, TN 37901

Parties may access this filing through the Court's electronic filing system.

s\Robert J. English