UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| PROGRESSIVE HAWAII INSURANCE CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.: 3:12-CV-574 (VARLAN/GUYTON) |
| NAKIA DAVIS, XAVIER BINGHAM, RYAN WESTBROOK, ESTATE OF JUSTIN WALKER, JAMES A. RUSSELL, ANGELIC HODGE, ALLSTATE INSURANCE, COMPANY, and GEICO INSURANCE COMPANY, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION & ORDER

This civil action is before the Court on two motions: 1) plaintiff's Motion for Default Judgment as to defendant Nakia Davis [Doc. 35]; and 2) plaintiff's Motion for Default Judgment as to defendant Estate of Justin Walker [Doc. 36]. Plaintiff moves the Court, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, for entry of judgment by default against defendants Davis and Estate of Walker for their failure to respond to the complaint in this matter or request additional time in which to do so. The Court has carefully considered the record as well as the relevant law, and for the reasons discussed herein, the Court will grant plaintiff's motion.

**I.	Background**

Plaintiff filed the complaint in this action on November 2, 2012 [Doc. 1]. Plaintiff asserts that on February 18, 2012, it issued a Tennessee Auto Insurance Policy to Davis, insuring a 1995 Chevrolet Astro van with the Vehicle Identification Number ("VIN") #1GBDM19W4SB178492, valid through August 2012 [*Id.* ¶ 10]. The van later became inoperable during the policy period, forcing Davis to rent cars from Budget Car Rentals [*Id.* ¶ 11]. Davis, however, never notified plaintiff about the inoperability of the van or of the subsequent rental car usage.

On May 1, 2012, Davis rented a 2012 red Nissan Maxima. Plaintiff was not made aware of this rental [*Id.* ¶ 12]. On May 12, 2012, the Nissan was being driven by someone other than Davis, without Davis's permission, when it was involved in a collision with a vehicle driven by defendants James Russell ("Russell") and Angelic Hodge ("Hodge") [*Id.* 13]. Walker, (who was a passenger in the Nissan,) died during the collision, while the other occupants of both vehicles suffered bodily injury. Following the accident, a personal injury action was filed in Knox County Circuit Court against Davis and defendant Xavier Bingham by Russell and Hodge [*Id.* ¶ 14]. Plaintiff also received notice of the bodily injury and wrongful death claims under the liability coverage and medical payment provisions of Davis's Insurance Policy [Doc. 1 ¶ 15].

Plaintiff then filed this action seeking a declaratory judgment that plaintiff has no duty of indemnity nor duty to defend in regard to the motor vehicle accident of May 12, 2012 and the civil action in Knox County Circuit Court. The complaint was served upon Estate of Walker on November 7, 2012 [Doc. 36-1], and served upon Davis on November 20, 2012 [Doc. 35-1]. Since that time, neither defendant has responded to the complaint or asked for additional time to respond. Default was entered against both Davis and Estate of Walker on March 27, 2013 [Docs. 30, 31].

## II.     Analysis

Rule 55 of the Federal Rules of Civil Procedure contemplates a two-step process in obtaining a default judgment against a defendant who has failed to plead or otherwise defend. First, pursuant to Rule 55(a), a plaintiff must request from the Clerk of Court an entry of default, describing the particulars of the defendant's failure to plead or otherwise defend. If default is entered by the Clerk, the plaintiff must then move the Court for entry of default judgment pursuant to Rule 55(b). The determination of whether a motion for default judgment should be granted is committed to "the sound discretion of the court." *In re Irby*, 337 B.R. 293, 294 (Bankr. N.D. Ohio 2005) (applying Federal Rule of Bankruptcy Procedure 7055, which incorporates Federal Rule of Civil Procedure 55). In exercising that discretion, a court should consider

> 1) possible prejudice to the plaintiff; 2) the merits of the claims; 3) the sufficiency of the complaint; 4) the amount of money at stake; 5) possible disputed material facts; 6) whether the default was due to excusable neglect; and 7) the preference for decisions on the merits.

3

*Russell v. City of Farmington Hills*, 34 F. App'x 196, 198 (6th Cir. 2002) (citations omitted). One of the more important factors the Court must consider is whether the plaintiff sufficiently states a claim. *See Harrison v. Bailey*, 107 F.3d 870, 1997 WL 49955, at *1 (6th Cir. Feb. 6, 1997) ("Default judgments would not have been proper due to the failure to state a claim against these defendants."); *Vinton v. CG's Prep Kitchen and Café*, No. 1:09-CV-707, 2010 WL 748221, at *1 (W.D. Mich. Mar. 2, 2010) ("A default judgment therefore cannot stand on a complaint that fails to state a claim."); *In re Irby*, 337 B.R. at 294 ("[A]mong the considerations a court is to employ when determining the propriety of entering a judgment by default is whether there exists a sufficient basis in the pleading for the judgment's entry; or similarly, whether a viable cause of action is alleged.").

Considering these factors in the context of this case—to the extent it is possible to do so—the Court notes that that the record is devoid of any reason for the defendants' failure to answer or otherwise respond to the complaint. Both Davis and Estate of Walker were properly served, but neither has responded or otherwise made an appearance in this case, even after default was entered by the Clerk's Office. There is the potential for prejudice were the Court to deny default judgment, as plaintiff would be forced to defend Davis in the Knox County action and pay death benefits to the Estate of Walker when it is not obligated to do so. The Court also concludes that plaintiff's complaint sufficiently states a claim for relief, given the nature of the insurance policy and the facts as presented by plaintiff. For all of these reasons, and taking into consideration the

4

procedural posture of this case, the Court concludes that default judgment against Davis and the Estate of Walker is proper and that the motions are well-taken.

## III. Conclusion

For the reasons explained herein, the Court hereby **GRANTS** plaintiff's Motion for Default Judgment against Nakia Davis [Doc. 35]. The Court also **GRANTS** plaintiff's Motion for Default Judgment against Estate of Walker [Doc. 36]. Accordingly, upon application of plaintiff and upon affidavit that plaintiff is entitled to declaratory judgment nullifying its duties to indemnify; that the defendants have been defaulted for failure to appear pursuant to Rule 55(a) of the Federal Rules of Civil Procedure; and that the claim is for a sum certain or for a sum which can by computation be made certain; it is

**ORDERED, ADJUDGED, and DECREED** that plaintiff, Progressive Hawaii Insurance Corporation, owes defendants Nakia Davis and Estate of Justin Walker, no duty of defense or indemnity arising from the motor vehicle accident of May 12, 2013 or in the civil action of James A. Russell and Angelic Hodge v. Nakia Davis and Xavier Bingham, Knox County Circuit Court, Docket No. 2-452-12. This judgment is to be entered by the Clerk at the request of plaintiff and upon affidavit of counsel, in accordance with Rule 55(b)(1) of the Federal Rules of Civil Procedure.

The Clerk is hereby **DIRECTED** to send a copy of this judgment via regular U.S. mail and certified mail to Nakia Davis and the Estate of Justin Walker at their last known addresses.

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE

ENTERED AS A JUDGMENT

s/Debra C. Poplin
CLERK OF COURT