UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

PROGRESSIVE HAWAII INS. CORP., )
)
      Plaintiff, )
) No. 3:12-CV-574
v. ) (VARLAN/GUYTON)
)
NAKIA DAVIS, *et al.*, )
)
      Defendants. )

**MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02. Now before the Court is: (1) Motion to Dismiss[1] or for Order Compelling Discovery and Motion for Extension of Time to Respond to Motion for Summary Judgment [Doc. 40], filed by Defendants James Russell and Angelic Hodge; (2) Motion to Compel Discovery and Motion for Extension of Time to Respond to Motion for Summary Judgment [Doc. 42], filed by Defendant Allstate Insurance Co.; (3) Motion to Compel Discovery and Motion for Extension of Time to Respond to Plaintiff's Motion for Summary Judgment [Doc. 43], filed by Defendant Ryan Westbrook; and (4) two motions to adopt [Docs. 41, 44], filed by Defendant Westbrook.

---

[1] As explained at the hearing, the Court will treat this motion as a motion for discovery sanctions under Rule 37 of the Federal Rules of Civil Procedure, rather than a motion to dismiss under Rule 12 of the Federal Rules of Civil Procedure.

Counsel for the Plaintiff and Defendants Ryan Westbrook, James Russell, Angelic Hodge, Allstate Insurance Co., GEICO, and appeared before the undersigned on August 15, 2013, to address these motions.[2]

Initially, the Court finds that the Plaintiff did not file a timely response to any of the motions now before the Court. See E.D. Tenn. L.R. 7.1(a), Fed. R. Civ. P. 6(d), 5(b)(2)(E). The Court may treat the lack of opposition during the time allowed under the rule as acquiescence to the relief sought. See E.D. Tenn. L.R. 7.2; see also Campbell v. McMinn County, 2012 WL 369090 (E.D. Tenn. 2012). When asked about the lack of timely response at the hearing, counsel for Progressive stated that his office's internal docketing system had failed to bring the matter to his attention. The Court will not determine whether this statement constitutes good cause for excusing untimely filings, and the Court will, instead, consider the substance of the pending motions and the Plaintiff's response.

Turning to the motions at issue, the Court finds that Defendant Ryan Westbrooks' Motions to Adopt **[Doc. 41, 44]** are well-taken, and they are **GRANTED**. For the reasons stated below and more fully stated at the hearing, the Motion to Dismiss or for Order Compelling Discovery and Motion for Extension of Time to Respond to Motion for Summary Judgment **[Doc. 40]**, Motion to Compel Discovery and Motion for Extension of Time to Respond to Motion for Summary Judgment **[Doc. 42]**, and Motion to Compel Discovery and Motion for Extension of Time to Respond to Plaintiff's Motion for Summary Judgment **[Doc. 43]** are **GRANTED IN PART** and **DENIED IN PART** as follows:

1. The request that this case be dismissed as a discovery sanction is **DENIED**. The Court, however, reminds the parties that failure to comply with this Memorandum

---

[2] Attorney Gerald Gulley was present at the same hearing as Administrator Ad Litem for the Estate of Xavier Bingham.

and Order or any other Court Order in the future may result in sanctions including dismissal, see Fed. R. Civ. P. 37(b)(2)(A).

2. The Plaintiff is **ORDERED** to file a supplement to its Motion for Summary Judgment stating its position regarding any legal effect the default judgment entered against Defendant Nakia Davis in this case would have on the arguments originally presented in support of the Motion for Summary Judgment. Plaintiff **SHALL FILE** this supplement on or before **September 9, 2013**.

3. The Court will deem the hearing on August 15, 2013, to fulfill the Rule 26(f) discovery conference requirement, though the parties **SHALL FILE** a written Rule 26(f) report within the time limits contained in Rule 26(f)(2).

4. Defendants shall have up to and including **October 18, 2013**, to take discovery in this case, and the parties are expected to cooperate in taking this discovery in a timely manner. Specifically, the Court expects that the parties will exchanges the names of any persons or entities from whom they seek deposition testimony and counsel will provide their availability for taking depositions as soon as practicable. If any party fails to cooperate in discovery, the parties may contact the chambers of the undersigned to schedule a telephonic discovery-dispute conference.

5. The Defendants shall file any responses to the Motion for Summary Judgment and the Plaintiff's supplemental filing to the Motion for Summary Judgment on or before **November 1, 2013**. The Plaintiff will have up to and including **November 15, 2013**, in which to make any final reply.

6. Finally, as stated at the hearing, this Memorandum and Order is meant to address preliminary discovery matters and to set a schedule for conducting discovery and briefing on the Motion for Summary Judgment. It should not be interpreted as nullifying any pretrial deadlines set in the forthcoming Scheduling Order.

**IT IS SO ORDERED**.

ENTER:

　　　s/ H. Bruce Guyton　　
United States Magistrate Judge